ON REMAND FROM THE UNITED STATES SUPREME COURT
PATTERSON, Judge.
On July 6, 1987, Vanessa Rose White was indicted for possession of marijuana and possession of cocaine, in violation of § 20-2-70, Code of Alabama 1975. She pleaded not guilty at arraignment; however, after a hearing and subsequent denial of her pretrial motion to suppress, she entered a conditional plea of guilty to the charges, expressly reserving the right to raise, on appeal, the issue of the trial court’s denial of her motion to suppress. She contended that the police officers did not have reasonable suspicion to justify an investigatory stop under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). She was sentenced to two years’ imprisonment. The sentence was suspended, and she was placed on two years’ supervised probation.
On appeal, we reversed the conviction and rendered a judgment for the defendant, holding that the anonymous tip was vaguely corroborated, consisted mostly of easily known details and, therefore, was insufficient to justify an investigatory stop of appellant. White v. State, 550 So.2d 1074 (Ala.Cr.App.1989). The Alabama Supreme Court denied the state’s petition for writ of certiorari, without opinion, with two justices dissenting. White v. State, 550 So.2d 1081 (Ala.1989). The United States Supreme Court granted the state’s petition for writ of certiorari and, on June 11, 1990, reversed the judgment of this court and remanded the case for further proceedings consistent with its opinion. In its opinion, the United States Supreme Court held that the anonymous tip, as corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop. Alabama v. White, — U.S. -, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). The issue on appeal having been decided adversely to appellant by the United States Supreme Court, the judgment reversing and rendering this case, heretofore entered by this court, is hereby set aside, and the judgment of the Circuit Court of Montgomery County is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.